UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDWARD CHARLES SNYDER                                                                  PLAINTIFF

    v.        Civil No. 6:15-CV-06034-SOH-BAB

CORRECTIVE CARE
SOLUTIONS, INC. ET. AL.                                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

    This is a civil rights action filed by Plaintiff, Edward Charles Snyder, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

    Currently before the Court is a Motion for Summary Judgment by Defendants Corrective Care Solutions, Beasley, and Vowell. ECF No. 37. Plaintiff, who is no longer incarcerated, responded both in writing, (ECF No. 44, 45, 46), and orally at a Summary Judgment Hearing on December 2, 2015. After careful consideration of the briefing, the undersigned makes the following Report and Recommendation.  c

**I.    BACKGROUND**

    Plaintiff filed his Complaint on April 6, 2015 in the Eastern District of Arkansas, alleging denial of medical care for his hernia. ECF No. 2. It was properly transferred to this District on April 13, 2015. ECF No. 5. Plaintiff filed an Amended Complaint on June 26, 2015. ECF No.

1

27. In this Complaint, Plaintiff did not include claims against two of the original Defendants, and these Defendants were terminated from the case. Plaintiff proceeds against the remaining Defendants in both their official and individual capacities.

## II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.    DISCUSSION

Defendants argue Plaintiff failed to exhaust his administrative remedies before filing suit.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, mandates exhaustion of available administrative remedies before an inmate files suit. The PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances," leaving it to the court below to determine in the first instance the sufficiency of the exhaustion in these cases. *Id*. at 219. To properly exhaust administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal citation omitted). The Court stated, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

The statute of limitations for § 1983 claims is the state statue of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985). In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105.) Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

Defendants acknowledge Plaintiff filed four formal medical grievances between April 5,

3

2012 and April 7, 2015. These are OR-15-00056; OR-15-00099; OR-15-000152, and OR-000183. Defendants correctly argue any earlier grievances are time-barred by the three year statute of limitations. Plaintiff was asked at the hearing if the Court had copies of all his grievances concerning his hernia. He answered in the affirmative. Thus, there are four grievances concerning Plaintiff's hernia for review in this case.

Of these four grievances, Defendants acknowledge Plaintiff completed the appeals process for three of them: OR-15-00056, OR-15-00099, and OR-000183. However, they correctly argue he did not complete the process for these three prior to filing this Complaint, as required by the PLRA. He filed his Complaint on April 6, 2015. ECF No. 2. He received a final decision from the Deputy Director for OR-15-00056 and OR-15-00099 on April 12, 2015. He received a final decision from the Deputy Director for OR-000183 on May 12, 2015. Therefore, these three grievances were not exhausted as required by the PLRA.

This leaves Grievance OR-15-000152 for consideration. This Grievance was rejected by the ADC as a duplicate of OR-15-00056 and OR-15-00099. Plaintiff did not appeal the rejection of OR-15-000152. In his written response, Plaintiff disputes that he did not appeal the rejection of OR-15-00152. He states "The unit level grievance form dates 2/4/2015 clearly states in the top right hand corner 'No Further Response Necessary"!, Therefore, not appealable." ECF No. 46, p. 2. At the hearing, Plaintiff testified "they told me not to take any further action." When asked by the Court if anyone did anything else to prevent him from using the grievance process, he testified they did not. When asked by the Court if the ADC failed to follow the grievance procedures themselves, Plaintiff testified a surgery consult was recommended but not received.

Both Plaintiff and Defendants submitted copies of the Unit Level Grievance Form OR-15-

4

000152.  ECF Nos. 27; 38-3, p. 8; 46, p. 5.  The copy accompanying Plaintiff's amended Complaint has black marker crossing out the numbers and comments in the right hand corner, therefore any comments are not legible.  The remaining copies show a comment in the right hand corner stating "Rejected  Duplicate of OR-15-00056[,] OR-15-00099  No further response Necessary" 38-3, p. 8; 46, p. 5.  Although not included with Plaintiff's submission, the Unit Level Grievance  was accompanied by the standard form labeled "Acknowledgment or Rejection of Unit Level Grievance."  This form indicates the Unit Level Grievance was rejected as a duplicate of OR-15-00056 and OR-15-00099.  This form gives clear instruction to the inmate to appeal if the inmate disagrees with the rejection.

Based on the grievances submitted by Plaintiff, he was familiar with the Grievance process. He was given a form with instructions to appeal the rejection if he disagreed with it, as he had done in other grievances.  Therefore, his alleged subjective belief concerning the handwritten note does not excuse his failure to appeal. *See Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (the court should not consider the inmate's subjective beliefs, logical or otherwise, in determining whether administrative procedures are available).   He further testified nothing was done to prevent him from using the Grievance process.  Therefore there is nothing in the record to support an exception to the exhaustion requirement. Thus, Plaintiff failed to exhaust OR-15-000152.

Accordingly, I recommend that Defendants' Motion for Summary Judgment (ECF No. 37) be **GRANTED**.

## IV.     CONCLUSION

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (ECF No. 37) be **GRANTED** and Plaintiff's Complaint against Defendants Corrective Care Solutions,

Beasley, and Vowell be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of January 2016.**

　　　　　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant

　　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE