UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDWARD CHARLES SNYDER                                                                 PLAINTIFF

    v.                              Civil No. 6:15-CV-06034-SOH-BAB

CORRECTIVE CARE
SOLUTIONS, INC. ET. AL.                                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Edward Charles Snyder, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U. S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court are Defendant Griffin's Motions to Dismiss in Response to Plaintiff's Original and First Amended Complaint. ECF Nos. 21, 30. After careful consideration of the briefing, the undersigned makes the following Report and Recommendation.

### I.   BACKGROUND

Plaintiff filed his Complaint on April 6, 2015 in the Eastern District of Arkansas, alleging denial of medical care for his hernia. ECF No. 2. It was properly transferred to this District on April 13, 2015. ECF No. 5. Defendants Griffin, Kelley and Norris filed a Motion to Dismiss in response to Plaintiff's original Complaint on June 10, 2015. ECF No. 21.  They filed a Motion to Dismiss in response to Plaintiff's Amended Complaint on July 9, 2015. ECF No. 30.

1

Defendants Kelley and Norris were terminated from the case based on Plaintiff's Amended Complaint, leaving Defendant Griffin and the Medical Defendants Correct Care Solutions, Vowell, and Beasley remaining in the case. Plaintiff proceeds against the remaining Defendants in both their official and individual capacities.

The Medical Defendants filed a Motion for Summary Judgment on August 10, 2015. ECF No. 37. Plaintiff, who is no longer incarcerated, responded both in writing, (ECF No. 44, 45, 46), and orally at a Summary Judgment Hearing on December 2, 2015.

The Court entered a Report and Recommendation on January 5, 2016. ECF No. 53. It was recommended the Medical Defendants' Motion for Summary Judgment be granted because Plaintiff had failed to exhaust any of his hernia grievances prior to filing this case.

## II.   APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.

2004).

**III.    DISCUSSION**

Defendant argues this case should be dismissed for three reasons: 1) Plaintiff's claims are barred against Defendant Griffin in his official capacity by sovereign immunity and in his personal capacity by qualified immunity; 2) Plaintiff failed to exhaust his administrative remedies as required by the PLRA; and 3) Plaintiff's claims against Defendant Griffin are based solely on *respondeat superior.*

As discussed previously in the Summary Judgment Report and Recommendation by the Court (ECF No. 53) Plaintiff failed to exhaust any of his hernia grievances prior to filing this case. Therefore he is barred from proceeding by the PLRA.

**IV.    CONCLUSION**

Accordingly, I recommend Defendant Griffin's Motions to Dismiss (ECF Nos. 21, 30) be **GRANTED** and the case be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 5th **day of January 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE