IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDWARD CHARLES SNYDER                                                        PLAINTIFF

VS.                                    CASE NO. 15-CV-6034

CORRECTIVE CARE
SOLUTIONS, INC., *et al*                                                  DEFENDANTS

**ORDER**

Before the Court are the Report and Recommendations filed on January 5, 2016 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF Nos. 53-54). Judge Bryant recommends that the Defendant Griffin's Motions to Dismiss (ECF Nos. 21, 30) be granted. Judge Bryant also recommends that Defendants Corrective Care Solutions, Beasley, and Vowell's Motion for Summary Judgment (ECF No. 37) be granted. These motions by the Defendants argued that Plaintiff failed to exhaust his administrative remedies as to the hernia grievances that are at issue in Plaintiff's Amended Complaint. (ECF No. 27). Judge Bryant agreed and recommends that Plaintiff's claims against the remaining Defendants be dismissed. Plaintiff filed objections to Judge Bryant's findings. (ECF No. 55). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendations as its own.

Plaintiff's objections reference a "new claim" that was filed in April 2015. The Court assumes Plaintiff is referencing his Amended Complaint that was docketed on June 26, 2015. (ECF No. 27). Plaintiff appears to be under the impression that Judge Bryant failed to consider the fact that some of his grievances had been exhausted by the time his Amended Complaint was filed. Plaintiff is mistaken. Judge Bryant considered Plaintiff's Amended Complaint, and his findings

were based on the law as it relates to the Amended Complaint. Judge Bryant found that Plaintiff had failed to exhaust his administrative remedies prior to filing his suit on April 6, 2015. (ECF No. 2). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, mandates exhaustion of available administrative remedies *before* an inmate files suit. Plaintiff's later-filed Amended Complaint does not change the fact that he originally filed this law suit before his administrative remedies had been exhausted. The Court must look to the time of the original filing to determine whether there has been exhaustion. *Johnson v. Jones*, 340 F.3d 624, 627-628 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory.").

The Court overrules Plaintiffs' objections and adopts each Report and Recommendation. (ECF No. 53-54) as its own. For the reasons stated herein and above, as well as those contained in the Report and Recommendations, Defendant Griffin's Motions to Dismiss (ECF Nos. 21, 30) and Defendants Corrective Care Solutions, Beasley, and Vowell's Motion for Summary Judgment (ECF No. 37) should be and hereby are **GRANTED**. Plaintiff's Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.[1]

IT IS SO ORDERED, this 22nd day of February, 2016.

    /s/ Susan O. Hickey
    Susan O. Hickey
    United States District Judge

---

[1]The Court notes that Judge Bryant's Report and Recommendations state that the dismissal should be with prejudice. However, because some of Plaintiff's grievances were administratively exhausted after Plaintiff filed this suit, he could conceivably re-file his claims as to those exhausted grievances. Accordingly, the Court finds that a dismissal without prejudice is more appropriate in this case.